CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
FEB 05 2014
JULIA C. DUDLEY, CLERK
BY: /s/ 
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| SELECTIVE WAY INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:13CV00040 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CHARLES SCHULLE, et al., | ) | By: Hon. Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendants. | ) | |

Selective Way Insurance Company ("Selective Way") filed this action seeking a declaratory judgment that it has no obligation to defend or indemnify Lake of the Woods Volunteer Fire and Rescue Company, Inc. in a wrongful death lawsuit filed by Michelle Goodman ("Goodman"), Personal Representative of the Estate of Jason Goodman, in the Circuit Court of Orange County, Virginia. All of the parties have agreed to participate in a mediation on February 11, 2014. The case is now before the court on Selective Way's motion to compel Goodman to respond to requests for information pertaining to confidential settlement agreements that Goodman has already entered into with two defendants named in the wrongful death action. Selective Way seeks to compel a response to an interrogatory seeking the amounts of the settlements, and a response to a request for production of the signed release documents. The court held a hearing on the motion to compel on January 30, 2014.* For the reasons set forth below, the motion will be granted.

The Federal Rules of Civil Procedure provide that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at trial if the discovery appears

---

* At the hearing, defendant State Farm Insurance Company orally joined in Selective Way's motion.

reasonably calculated to lead to the discovery of admissible evidence." Id. If a party fails to produce requested information, the requesting party may move for an order compelling production. Fed. R. Civ. P. 37(a)(3)(B). "[T]he party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." See Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 243 (M.D.N.C. 2010) (citing cases).

In the case of confidential settlement agreements, courts are divided on whether the confidentiality concerns inherent in the settlement process warrant a heightened showing of relevance to obtain such information. See Tanner v. Johnston, No. 2:11-cv-00028-TS-DBP, 2013 WL 121158, 2013 U.S. Dist. LEXIS 3512, at *7 (D. Utah Jan. 8, 2013) ("Unfortunately, there is country-wide discord about the showing of relevance required to justify disclosure of a settlement agreement. Plaintiffs primarily rely on Bottaro v. Hatton Assocs., 96 F.R.D. 158 ([E.D.]N.Y. 1982), and its progeny, to urge this Court to adapt a heightened relevancy standard for discovery related to confidential settlement agreements . . . . In contrast, the [defendants] urge the Court to use the normal relevancy standard espoused at Fed. R. Civ. P. 26(b).").

In opposing Selective Way's motion, Goodman advocates for the application of the heightened Bottaro standard, which requires a "particularized showing of a likelihood that admissible evidence will be generated by the dissemination of the terms of a settlement agreement." Bottaro, 96 F.R.D. at 160. However, Goodman does not cite, nor can the court locate, any case law from the United States Court of Appeals for the Fourth Circuit or this district adopting such standard. Instead, "when determining whether a settlement agreement is

2

producible in discovery, courts in this circuit have found that 'relevance not admissibility, is the appropriate inquiry.'" Amick v. Ohio Power Co., No. 2:13-cv-06593, 2013 WL 6670238, 2013 U.S. Dist. LEXIS 177616, at *6 (S.D. W.Va. Dec. 18, 2013) (quoting Herchenroeder v. Johns Hopkins Univ. Applied Physics Lab., 171 F.R.D. 179, 181 (D. Md. 1997)) (emphasis in original); see also Polston v. Eli Lilly & Co., No. 3:08-3639, 2010 WL 2926159, 2010 U.S. Dist. LEXIS 74720, at *4 (D. S.C. July 23, 2010) ("The Fourth Circuit has never recognized a settlement privilege or required a particularized showing in the context of a subpoena for confidential settlement documents."). Consistent with these decisions, the court declines to require a heightened showing of relevance, and will instead apply the liberal standard of relevance set forth in Rule 26(b)(1). See Ralston Purina Co. v. McFarland, 550 F.2d 967, 973 (4th Cir. 1977) (noting that "[t]he broad scope of discovery is evident in Rule 26(b)(1)").

Having considered the parties' arguments, the court concludes that the requested settlement information is discoverable under Rule 26(b)(1). As Selective Way emphasized during the hearing, the monetary terms of the settlements that Goodman reached with two defendants in the wrongful death lawsuit are relevant to the amount of setoff to which the non-settling defendants would be entitled under Virginia Code § 8.01-35.1. Likewise, the terms of the releases are relevant to the non-settling defendants' continued liability and right of setoff, and, in turn, the insurers' exposure in the instant action. See, e.g., Barclay v. Gressit, No. 2:12-cv-156, 2013 WL 3819937, 2013 U.S. Dist. LEXIS 103518, at *10 (D. Me. July 24, 2013) ("Courts have readily discerned the relevance to a non-settling joint tortfeasor of information regarding a settlement agreement between a plaintiff and a settling joint tortfeasor when, pursuant

to applicable state law, the non-settling defendant is entitled to a setoff of the settlement amount from any verdict in favor of the plaintiff, or the non-settling defendant's rights and obligations depend in some other way on the terms, amount, and/or value of the settlement.") (citing cases).

In addition, the court is a proponent of transparency in the mediation process and believes that disclosure of the requested information will facilitate the upcoming mediation. As other courts have recognized, discovery of settlement information permits the remaining parties to assess their liability and "evaluate their risks in continuing with the litigation" and, thus, may ultimately "promote settlement of the remaining claims." White v. Kenneth Warren & Son, Ltd., 203 F.R.D. 364, 367 (N.D. Ill. 2001); see also Bennett v. La Pere, 112 F.R.D. 136, 141 (D.R.I. 1986) ("To the extent that the Hospital's ability realistically to evaluate the plaintiffs' case against it depends upon an awareness of the terms and conditions of the settlement with the codefendants – and it plainly depends on that information to a meaningful degree – the remaining defendant should not be left to grope blindly in the dark. So long as the policy of the [Federal Rules of Civil Procedure] is the promotion of the 'just, speedy, and inexpensive' resolution of cases, then fair settlements must always be encouraged. Fairness cannot be achieved when one side is needlessly blindfolded.").

Goodman and one of the settling defendants have alternatively requested that the court limit the disclosure of the settlement information to the amount of monetary consideration that was paid and not require disclosure of the release documents. However, there is no indication that the release documents contain any unusually confidential language. From a legal standpoint, the

court finds no basis for treating these pieces of relevant evidence any differently. The court is persuaded that, in the absence of both components of the settlement agreements, a meaningful assessment of the parties' rights and potential obligations cannot occur. Moreover, as a practical matter, the proposed limitation would impact the likelihood of resolution at the upcoming mediation.

For these reasons, the court concludes that the motion to compel must be granted in its entirety. The parties are directed to devise and submit an appropriate confidentiality order. Following the entry of the confidentiality order, Goodman is directed to produce forthwith the requested settlement information.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 5th day of February, 2014.

/s/ Glen Conrad
Chief United States District Judge